## WHEN A MUNICIPALITY IS LIABLE FOR TRAVELLING EXPENSES OF ITS OFFICIALS.

Circuit Court of Cuyahoga County.

THE STATE OF OHIO, EX REL VIRGIL G. MARANI, V. HILAND B. WRIGHT, AUDITOR OF THE CITY OF CLEVELAND.

Decided, May 5, 1911.

*Municipalities—Traveling Expenses of Official.*

A municipality is not liable for the traveling expenses of one of its officials incurred in attending a convention of like officials of other municipalities.

*Newton D.·Baker,* for plaintiff in error.
*Wing, Myler & Turney,* contra.

HENRY, J.; WINCH, J., and JONES, J., concur.

By this proceeding in mandamus the relator, who is the building inspector of the city of Cleveland, seeks to compel the city auditor to allow for payment by the city the necessary traveling

expenses incurred by him on a trip to Columbus, to attend, by direction of his superior officer, the director of public safety, a convention of building inspectors of various municipalities.

We hold that in the absence of any specific statutory provision for such cases, the test of the city's liability must be deemed to be: is the trip or journey in which the expenses were incurred necessarily implied in or reasonably and directly incident to the prescribed duties of the municipal officer who undertakes such journey?

It has been pointed out in argument that a municipal officer may properly undertake a journey at the city's expense to inspect material or supplies for the purchase of which, on behalf of the city, he is authorized to negotiate, if such journey is reasonably necessary for that purpose.

This is upon the ground that the object of the journey is directly related to the duties of his office. Here, however, the purpose of the journey was to acquire such information in regard to the duties of his office as the building inspector might reasonably acquire while in attendance upon a convention of officials holding like positions, in various cities. We are unable to see how such an object relates itself either directly or with reasonable necessity to the duties of the relator's office. He was presumably appointed to his present position because of his fitness by experience and education to discharge the duties of the place, and the salary paid him is presumably adapted to secure the degree of efficiency in these respects which the city resires that its building inspector shall possess. If a person relatively uneducated, inexperienced and inefficient in the discharge of the duties of the position of building inspector were appointed at a salary proportioned to his fitness, it might as well be argued that his deficiencies may thereafter be supplemented at the charge of the municipality which he serves by directing him to attend an architectural school and to render his bills for board and tuition to the city. The salary attached to the office of building inspector is presumed to be sufficient to enable him to maintain his professional or official efficiency at proper standard.

The petition is dismissed at the costs of the relator.